IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD SAMUEL JAMES,

                      OPINION AND ORDER

        Plaintiff,

                      17-cv-429-bbc

        v.

ROSE GRIFFA, JOEL SHIREK and
SHAVONNE WILLKOMS,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Donald Samuel James is confined at the Sand Ridge Secure Treatment

Center as a patient under Wisconsin Statutes chapter 980. In this civil action, he contends

that employees at Sand Ridge violated his right to procedural due process under the

Fourteenth Amendment by failing to provide him a hearing before issuing two behavior

disposition reports. Now before the court is defendants' motion to dismiss the complaint

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dkt. #2. Because I agree that plaintiff's complaint fails to state a due process claim, I am

granting the motion to dismiss.

I accept as true the following facts alleged in plaintiff's complaint.


ALLEGATIONS OF FACT

At all relevant times, plaintiff Donald Samuel James was confined at Sand Ridge

Secure Treatment Facility, where defendants Shavonne Willkoms, Rose Griffa and Joel Shirek were employed as psychiatric care supervisors. On January 16, 2015, plaintiff received a behavior discipline report for "disrespect towards staff or peers" and "failure to follow directions." On January 22, 2015, he attended a hearing conducted by defendants Griffa and Shirek on the behavior discipline report. Plaintiff was neither given a copy of the discipline report before the hearing nor assigned an advocate to help him prepare a defense or participate at the hearing. At the hearing, plaintiff was not permitted to call witnesses or present witness statements.

On August 13, 2015, plaintiff received another behavior discipline report for "failure to take directions." He had a hearing on August 17, 2015, conducted by defendant Willkom. Again, plaintiff did not receive a copy of the behavior discipline report before the hearing and was not assigned an advocate. He was not allowed to present witnesses at the hearing.

OPINION

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal sufficiency. In resolving such a motion, the court takes as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the non-moving party. Reger Development, LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Plaintiff contends that defendants violated his right to due process under the Fourteenth Amendment by refusing to provide him copies of his behavior discipline reports before his hearings, assign him an advocate and allow him to call witnesses or present witness statements. Defendants contend that plaintiff's complaint fails to state a due process claim because his allegations do not permit an inference that he was deprived of a liberty or property interest protected by due process.

Defendants are correct. Government actors are not required by the United States Constitution to provide process unless they are depriving someone of liberty or property. Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, the threshold question for any due process claim is whether the plaintiff was deprived of the type of "life, liberty, or property" interests protected by the due process clause. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Marion v. Columbia Correctional Institution., 559 F.3d 693, 697 (7th Cir. 2009). The Court of Appeals for the Seventh Circuit has held that persons restrained under Chapter 980, such as plaintiff, are governed by the same standard for determining due process that applies to prisoners. Thielman v. Leean, 282 F.3d 478, 483-84 (7th Cir. 2002). Under that standard, no liberty interest is at stake, and patients are not

entitled to due process protections, unless their duration of confinement is increased or they are subjected to an "atypical and significant" hardship in relation to the ordinary incidents of confinement. Id. "Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause." Miller v. Dobier, 634 F.3d 412, 414 (7th Cir. 2011).

In this instance, plaintiff's complaint contains no allegations suggesting that he suffered an "atypical or significant" hardship as a result of the two behavior discipline reports at issue in his complaint. In fact, plaintiff's complaint contains no allegations at all concerning the results of the hearings or any punishment he received, let alone a punishment that imposed an atypical and significant hardship in relation to the ordinary incidents of his confinement.

Plaintiff argues in his response brief that his disciplinary record will be considered during his annual reevaluation under Wis. Stat. § 980.07 and used to deny him discharge and increase the duration of his confinement. Under § 980.07, a person civilly committed under chapter 980 is entitled to an annual reevaluation "to determine whether the person has made sufficient progress for the court to consider whether the person should be placed on supervised release or discharged." However, although a patient's misconduct may be a relevant consideration during the reevaluation process, the decision to release a civilly committed person rests on many different considerations. Wis. Stat. §§ 980.08(4)(c) and (cg); 980.09(3). Even though plaintiff may believe that the behavior discipline reports hurt his chances of release, due process protections are triggered only when the consequences

imposed "*inevitably* affect the duration" of confinement." Sandin, 515 U.S. at 487 (holding

that possibility that prisoner's parole decision would be affected by his misconduct record

not situation in which prison's action would "inevitably affect the duration of his sentence.")

In situations like plaintiff's, in which misconduct is only one of various factors that could

influence a decision regarding release, "the balance is simply too attenuated to invoke the

procedural guarantees of the Due Process Clause." Id. In short, the law does not entitle

plaintiff to greater process than he received.

I conclude, therefore, that plaintiff has failed to state a claim upon which relief may

be granted and his complaint must be dismissed.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Shavonne Willkoms,

Rose Griffa and Joel Shirek, dkt. #2, is GRANTED.  The clerk of court is directed to enter

judgment for defendants and close this case.

Entered this 2d day of October, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge